David E. Rogers (#019274)
David G. Barker (#024657)
Jacob C. Jones (#029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: drogers@swlaw.com
         dbarker@swlaw.com
         jcjones@swlaw.com

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>MOJO BOWL LLC, an Arizona limited liability company,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Monster Energy Company ("Plaintiff" or "Monster") hereby complains of Defendant Mojo Bowl LLC ("Defendant" or "Mojo Bowl"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for 1) trademark infringement and false designation of origin under 15 U.S.C. § 1125(a), 2) trademark infringement under 15 U.S.C. § 1114, 3) Arizona common-law unfair competition, and 4) Arizona statutory unfair competition under Ariz. Rev. Stat. § 44-1522.

-1-

2.      The Court has original subject matter jurisdiction over the claims that relate to trademark infringement and false designation of origin pursuant to 15 U.S.C. §§ 1116 and 1121(a), and also pursuant to 28 U.S.C. §§ 1331 and 1338 as these claims arise under the Lanham Act and the laws of the United States.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) over the claims in this Complaint for state statutory and common law unfair competition because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.      This Court has personal jurisdiction over Defendant because it has a continuous, systematic, and substantial presence within this Judicial District and within Arizona.  Defendant has its principal place of business in this Judicial District.  Also, by using the infringing marks in connection with selling and offering for sale goods in this Judicial District, and thus by committing acts of trademark infringement, false designation of origin, and/or unfair competition in this Judicial District, Defendant's acts form a substantial part of the events or omissions giving rise to Monster's claims.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c), as Defendant resides in this Judicial District and a substantial portion of the events complained of herein took place in this Judicial District.

**THE PARTIES**

5.      Monster is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Monster Way, Corona, California 92879.

6.      Upon information and belief, Mojo Bowl is a limited liability company organized and existing under the laws of the State of Arizona, having a principal place of business at 1576 East Robinson Way, Chandler, Arizona 85225.

/ / /

-2-

**COMMON ALLEGATIONS FOR ALL CLAIMS FOR RELIEF**

**A.     Monster's Trademarks**

7.     Monster is a nationwide leader in the business of developing, marketing, selling, and distributing beverages, including energy drinks.

8.     In 2002, long before Defendant's acts described herein, Monster launched its MONSTER ENERGY® drink brand, bearing its well-known MONSTER™ mark and MONSTER ENERGY® mark.   A true and correct representation of Monster's original Monster Energy® drink, launched in 2002, is shown below:



9.     Monster is also the owner of numerous trademark registrations for and including its well-known MONSTER™ mark and MONSTER ENERGY® mark, including the following U.S. Trademark Registrations:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| MONSTER ENERGY | 3,044,315 | Nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/23/2003 | 01/17/2006 |
| M MONSTER ENERGY | 3,044,314 | Nutritional supplements in liquid form, but excluding | 05/23/2003 | 01/17/2006 |

23331821.1

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|------------|-----------|
| | | perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
| MONSTER ENERGY | 3,057,061 | Fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 04/18/2002 | 02/07/2006 |
| MONSTER ENERGY | 4,036,681 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy | 09/11/2007 | 10/11/2011 |
|  | 3,134,841 | Beverages, namely, carbonated soft drinks, carbonated soft drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy and sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/07/2003 | 08/29/2006 |
| M MONSTER ENERGY | 3,134,842 | Beverages, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, | 05/07/2003 | 08/29/2006 |

-4-

23331821.1

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|-----------|-----------|
| | | nutrients, amino acids and/or herbs, carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
| MONSTER REHAB | 4,129,288 | Nutritional supplements in liquid form; Beverages, namely, non-alcoholic non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf-stable; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 07/06/2010 | 04/17/2012 |
| MONSTER CUBA-LIMA | 4,269,880 | Nutritional supplements in liquid form; Non-alcoholic beverages, namely, energy drinks, energy drinks flavored with juice, sports drinks, all enhanced with vitamins, minerals, nutrients, proteins, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 06/14/2012 | 01/01/2013 |

-5-

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| MUSCLE MONSTER | 4,376,796 | Nutritional supplements in liquid form; Beverages, namely, soft drinks; non-alcoholic and non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 07/02/2010 | 07/30/2013 |
| MUSCLE MONSTER | 4,451,535 | Vitamin fortified beverages; Dairy-based beverages; dairy-based energy shakes; energy shakes; coffee energy shakes; chocolate energy shakes; Ready to drink coffee based beverages; ready to drink chocolate-based beverages | 07/10/2013 | 12/17/2013 |
| MONSTER ENERGY ULTRA RED | 4,532,292 | Nutritional supplements in liquid form ; vitamin fortified beverages; Non-alcoholic beverages, namely, energy drinks, soft drinks, sports drinks, all enhanced with vitamins, minerals, nutrients, amino acids and/or herbs; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 06/13/2013 | 05/20/2014 |
| JUICE MONSTER | 4,716,750 | Nutritional supplements in liquid form; Non-alcoholic beverages, namely, energy drinks and drinks enhanced with vitamins, minerals, | 02/24/2012 | 04/07/2015 |

-6-

23331821.1

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | nutrients, amino acids and/or herbs, but excluding perishable beverage products that contain fruit juice or soy. | | |
|  | 4,790,629 | Nutritional supplements in liquid form; Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages; Non-alcoholic beverages, namely, soft drinks, energy drinks, sports drinks and fruit juice drinks, all the foregoing enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs | 02/04/2015 | 08/11/2015 |
|  | 4,768,827 | Nutritional supplements in liquid form; Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages; Non-alcoholic beverages, namely, soft drinks, energy drinks, sports drinks and fruit juice drinks, all the foregoing enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs | 02/04/2015 | 07/07/2015 |
|  | 4,768,825 | Nutritional supplements in liquid form; Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages; Non-alcoholic beverages, namely, soft drinks, energy drinks, sports drinks and fruit juice drinks, all the foregoing | 02/04/2015 | 07/07/2015 |

-7-

23331821.1

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|------------|-----------|
|  |  | enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs |  |  |
| MONSTER ASSAULT | 4,634,053 | Nutritional supplements in liquid form; vitamin fortified beverages; Non-alcoholic beverages, namely, energy drinks, energy drinks flavored with juice, sports drinks, all enhanced with vitamins, minerals, nutrients, proteins, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 11/15/2013 | 11/04/2014 |
| MONSTER KHAOS ENERGY + JUICE | 3,939,395 | Nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not; Carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs; carbonated energy or sports drinks; excluding perishable beverages containing fruit juice or soy, whether such products are pasteurized or not. | 02/16/2007 | 04/05/2011 |
| PUNCH MONSTER | 4,604,556 | Nutritional supplements in liquid form; vitamin fortified beverages; Non-alcoholic beverages, namely, energy drinks, energy drinks flavored with juice, sports drinks, all enhanced with vitamins, | 11/22/2013 | 09/16/2014 |

-8-

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | minerals, nutrients, proteins, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
|  | 4,865,702 | Nutritional supplements in liquid form; Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 02/02/2015 | 12/08/2015 |
|  | 4,849,689 | Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 02/02/2015 | 11/10/2015 |

10.   Attached hereto as Exhibits A1-A20 are true and correct copies of Monster's trademark registrations identified in paragraph 9 of this Complaint, which are hereby incorporated by reference.  Collectively, those registrations and trademarks referenced in paragraph 9 of this Complaint are referred to as Monster's "MONSTER Marks."

11.   Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 3,044,315, 3,044,314, 3,057,061, 3,134,841 and 3,134,842 are now incontestable.

12.   Monster's successful line of MONSTER™ drinks has grown to include not only the original Monster Energy® drink, but also numerous other well-known

-9-

products, including, but not limited to, original Monster Energy® and Lo-Carb Monster Energy®; Monster™ Assault®; Juice Monster® Khaos®, Juice Monster® Ripper™, and Juice Monster® Pipeline Punch™; Ubermonster®; Monster Energy® Import; Punch Monster® Baller's Blend™ and Punch Monster® Mad Dog™; Monster Energy® Unleaded™; Monster Energy® Absolutely Zero™; Monster Energy® Zero Ultra™, Monster Energy® Ultra Blue®, Monster Energy® Ultra Red®, Monster Energy® Ultra Sunrise®, Monster Energy® Ultra Citron®, and Monster Energy® Ultra Black®; Monster Cuba-Lima®; Monster Rehab®, which is a line of non-carbonated energy drinks, which includes Monster's Monster Rehab® Tea + Orangeade + Energy, Monster Rehab® Tea + Pink Lemonade + Energy, Monster Rehab® Tea + Lemonade + Energy, Monster Rehab® Raspberry Tea + Energy, and Monster Rehab® Peach Tea + Lemonade; Java Monster®, which is a line of dairy based coffee plus energy drinks; Muscle Monster®, which is a line of energy shakes; Monster Energy Extra Strength Nitrous Technology®, which is a line of energy drinks with a blend of nitrous oxide and carbon dioxide to create a smoother energy drink; and ® Monster Energy® which is a five ounce super concentrated energy drink, among others (referred to collectively as "MONSTER™ line of drinks").

13.     The containers and packaging of Monster's MONSTER™ line of drinks are prominently marked with the MONSTER™ mark.

14.     The MONSTER™ line of drinks includes beverages sold in cans and packaging using the colors green, orange and red.

15.     Beverages sold by Monster in cans and packaging using the color green have included, for example,        original Monster Energy®, which is frequently referred to by consumers as        "Green Monster", Monster Cuba-Lima®, Monster Energy® Unleaded™, Monster Energy® Import™, Java Monster® Irish Blend™, Monster Energy Extra Strength Nitrous Technology® Super Dry™, Ubermonster® and ® Monster Energy®.  Images showing these products are shown below:

-10-



16.     Beverages sold by Monster in cans and packaging using the color orange have included, for example, Monster Khaos Energy + Juice®, Monster Rehab® Tea + Orangeade + Energy, Monster Energy Extra Strength Nitrous Technology® Anti-Gravity™, and Monster Energy® Ultra Sunrise®.  Images showing these products are shown below:



17.     Beverages sold by Monster in cans and packaging using the color red have included, for example, Monster Assault®, Monster Energy® Ultra Red®, Muscle Monster® Strawberry, Monster Rehab® Raspberry Tea + Energy, and Punch Monster® Baller's Blend beverages are sold in cans and packaging using the color red.  Images showing these products are shown below:



-11-

18.     Monster's MONSTER Marks are the subject of substantial and continuous marketing and promotion by Monster in connection with its MONSTER™ line of drinks and MONSTER™ apparel and accessories.  Since 2002, Monster has spent approximately $3 billion dollars on promoting and marketing its MONSTER™ brand.

19.     Monster has and continues to widely market and promote its MONSTER Marks in the industry and to consumers by displaying the MONSTER Marks on more than 14 billion cans sold worldwide to date.  Monster's promotional efforts also include – by way of example but not limitation – widespread distribution of promotional and point of sale materials, product samplings, apparel and merchandise bearing the MONSTER Marks, in magazines and other industry publications, on the MONSTER ENERGY® website and other Internet websites, attendance at trade shows, and sponsorship of concert tours, live events, athletes, athletic teams, and athletic competitions around the world.

20.     Monster's MONSTER™ line of drinks has achieved substantial commercial success.  Worldwide retail sales are now approximately 3 billion cans per year with estimated retail sales of approximately US$6 billion per year worldwide. Monster's MONSTER ENERGY® brand has established itself as the best-selling energy drink brand in the United States by unit volume.

21.     As a result of Monster's substantial use and promotion of its MONSTER Marks, the marks have acquired great value as specific identifiers of Monster's products and serve to identify and distinguish the products from those of others. Customers in this judicial district and elsewhere readily recognize Monster's MONSTER Marks as distinctive designations of the origin of Monster's MONSTER™ and MONSTER ENERGY® brand drinks.  The MONSTER Marks are intellectual property assets of enormous value as symbols of Monster and its quality products, reputation, and goodwill.

-12-

23331821.1

**B.     Mojo Bowl's Infringing Activities**

22.     On information and belief, Mojo Bowl is engaged in the business of producing, distributing, marketing and selling beverages, under the name Mojo Bowl. Mojo Bowl also owns and operates the website <www.mojobowl.com> and maintains a variety of social media accounts including Facebook, Instagram, and Twitter.

23.     Without permission or consent from Monster, Mojo Bowl has sold and is offering for sale and selling beverages in connection with the marks GREEN MONSTER, ORANGE MONSTER and RED MONSTER (the "Infringing Marks"). The Infringing Marks are confusingly similar to one or more of Monster's MONSTER Marks.  Mojo Bowl is also using a mark identical to Monster's MONSTER™ mark in connection with its advertising and marketing.

24.     On March 29, 2015, approximately 13 years after Monster began using its MONSTER Marks, Defendant filed Application Serial No. 86/580,254 ("the '254 Application") with the U.S. Patent and Trademark Office ("U.S.P.T.O") for the mark GREEN MONSTER in connection with "smoothies for consumption on and off the premises."

25.     On March 29, 2015, Defendant also filed Application Serial No. 86/580,252 ("the '252 Application") with the U.S.P.T.O. for the mark ORANGE MONSTER in connection with "smoothies for consumption on and off the premises." / / /

26.     On March 30, 2015, Defendant filed Application Serial No. 86/581,008 ("the '008 Application") with the U.S.P.T.O. for the mark RED MONSTER in connection with "smoothies for consumption on and off the premises."

27.     On October 21, 2015, Monster filed a Notice of Opposition with the Trademark Trial and Appeal Board requesting that Mojo Bowl's '254 Application and '252 Application be refused registration on the grounds that Mojo Bowl's ORANGE MONSTER and GREEN MONSTER marks so resemble Monster's MONSTER

-13-

Marks as to be likely to cause confusion or to cause mistake or to deceive.  Mojo Bowl filed its Answer in this pending Opposition on November 24, 2015 and did not challenge the validity or enforceability of Monster's MONSTER Marks.

28.    On January 12, 2016, Monster filed a Notice of Opposition with the Trademark Trial and Appeal Board requesting that Mojo Bowl's '008 Application be refused registration on the grounds that Mojo Bowl's RED MONSTER mark so resembles Monster's MONSTER Marks as to be likely to cause confusion or to cause mistake or to deceive.

29.    Mojo Bowl has been aware of Monster and its valuable trademarks since at least as early as October 2015 when Monster filed its Notice of Opposition against Mojo Bowl's '254 Application and '252 Application.

30.    Without permission or consent from Monster, Mojo Bowl has infringed Monster's MONSTER Marks by making, using, promoting, advertising, selling, and/or offering to sell beverages in connection with the GREEN MONSTER, ORANGE MONSTER and RED MONSTER marks that are confusingly similar to Monster's MONSTER Marks.

31.    Mojo Bowl's use of the terms "green" in combination with Monster's MONSTER™ mark in Mojo Bowl's GREEN MONSTER mark further increases the likelihood that consumers will believe there is an association between Mojo Bowl and Monster because consumers frequently refer to Monster's original Monster Energy® drink as the "Green Monster," the color green is used in connection with the can and packaging for Monster's best-selling product, the original Monster Energy® drink, among others, and is claimed as part of Monster's marks shown in U.S. Registration Nos. 4,865,702 and 4,768,825.

32.    Similarly, Mojo Bowl's use of the term "orange" in combination with Monster's MONSTER™ Mark in Mojo Bowl's ORANGE MONSTER mark further increases the likelihood that consumers will believe there is an association between

-14-

Mojo Bowl and Monster because the color orange is used in connection with the can and packaging for several products within Monster's MONSTER™ line of drinks and is claimed as part of Monster's marks shown in U.S. Registration Nos. 4,849,689 and 4,790,629.

33.    Likewise, Mojo Bowl's use of the term "red" in combination with Monster's MONSTER™ mark in Mojo Bowl's RED MONSTER mark further increases the likelihood that consumers will believe there is an association between Mojo Bowl and Monster because Monster's MONSTER ENERGY ULTRA RED® mark includes the term "red," the color red is used in connection with the can and packaging for several products within Monster's MONSTER™ line of drinks, and the color red is claimed as part of Monster's mark shown in U.S. Registration No. 4,768,827.

34.    Upon information and belief, Mojo Bowl's actions alleged herein are intended to cause confusion, mistake, or deception as to the source of Mojo Bowl's beverages.

35.    Upon information and belief, Mojo Bowl's actions alleged herein are intended to cause consumers and potential customers to believe that Mojo Bowl's beverages are associated with Monster or Monster's MONSTER™ line of drinks, when they are not.

36.    By virtue of the acts complained of herein, Mojo Bowl has created a likelihood of injury to Monster's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of Monster's goods and Mojo Bowl's goods, and has otherwise competed unfairly with Monster by unlawfully trading on and using Monster's MONSTER Marks without Monster's permission or consent.

37.    Upon information and belief, Mojo Bowl's acts complained of herein are willful and deliberate.

-15-

23331821.1

38.     Mojo Bowl's acts complained of herein have caused damage to Monster in an amount to be determined at trial, and such damages will continue to increase unless Mojo Bowl is enjoined from its wrongful acts and infringement.

39.     Mojo Bowl's acts complained of herein have caused Monster to suffer irreparable injury to its business.  Monster will suffer substantial loss of goodwill and reputation unless and until Mojo Bowl is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))

40.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-39 of this Complaint as though fully set forth herein.

41.     This is an action for trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

42.     As a result of the widespread use and promotion of Monster's MONSTER Marks, the marks have acquired secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the MONSTER Marks with Monster.

43.     Mojo Bowl has infringed Monster's MONSTER Marks and created a false designation of origin, by using in commerce, without Monster's permission, marks confusingly similar to Monster's MONSTER Marks in connection with the advertisement, offering for sale, and/or sale of its beverages.

44.     Mojo Bowl's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Monster with Mojo Bowl, and/or as to the origin, sponsorship, or approval of Mojo Bowl's goods or commercial activities, in violation of 15 U.S.C. § 1125(a).

45.     Upon information and belief, Mojo Bowl did so with the intent to trade

upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Mojo Bowl's beverages are associated with, sponsored by or approved by Monster, when they are not.

46.     Upon information and belief Mojo Bowl had actual knowledge of Monster's ownership and prior use of the MONSTER Marks, and without the consent of Monster, willfully violated 15 U.S.C. § 1125(a).

47.     Mojo Bowl, by its actions, has damaged Monster in an amount to be determined at trial.

48.     Mojo Bowl, by its actions, has irreparably injured Monster.   Such irreparable injury will continue unless Mojo Bowl is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

49.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-48 of this Complaint as though fully set forth herein.

50.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

51.     Monster owns valid and enforceable registered trademarks for its MONSTER Marks, including at least the registrations listed in Paragraph 9 above.

52.     Mojo Bowl has used in commerce, without permission from Monster, colorable imitations, and/or confusingly similar marks to Monster's marks that are the subject of at least Monster's U.S. Trademark Registration Nos. 3,044,315, 3,044,314, 3,057,061, 4,036,681, 3,134,841, 3,134,842, 4,129,288, 4,269,880, 4,376,796, 4,451,535, 4,532,292, 4,716,750, 4,790,629, 4,768,827, 4,768,825, 4,634,053, 3,939,395, 4,604,556, 4,865,702, and 4,849,689 in connection with the distribution,

-17-

sale, offer for sale, advertisement, and/or promotion of beverages.  Such use is likely to cause confusion or mistake, or to deceive.

53.     Upon information and belief, the activities of Mojo Bowl complained of herein constitute willful and intentional infringements of Monster's registered marks, and Mojo Bowl did so with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Mojo Bowl's beverages are associated with, sponsored by, originated from, or are approved by, Monster, when they are not.

54.     Upon information and belief, Mojo Bowl had actual knowledge of Monster's ownership and prior use of the MONSTER Marks, and has willfully violated 15 U.S.C. § 1114.

55.     Mojo Bowl, by its actions, has damaged Monster in an amount to be determined at trial.

56.     Mojo Bowl, by its actions, has irreparably injured Monster.  Such irreparable injury will continue unless Mojo Bowl is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### (Arizona Common-Law Unfair Competition)

57.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-56 of this Complaint as though fully set forth herein.

58.     This is a claim for unfair competition arising under Arizona common law.

59.     Mojo Bowl's acts complained of herein constitute trademark infringement and unfair competition under Arizona common law.

60.     By virtue of the acts complained of herein, Mojo Bowl has willfully and intentionally caused a likelihood of confusion among the purchasing public in this

-18-

Judicial District and elsewhere, thereby unfairly competing with Monster in violation of the common law of the state of Arizona.

61.     Mojo Bowl, by its actions, has maliciously and willfully disregarded Monster's rights.  Mojo Bowl's actions were therefore taken in callous disregard of the substantial risk of material harm to Monster, and Monster is entitled to recover punitive or exemplary damages in an amount sufficient to punish Mojo Bowl and to deter others from similar future conduct.

62.     Mojo Bowl, by its actions, has irreparably injured Monster.  Such irreparable injury will continue unless Mojo Bowl is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (Arizona Statutory Unfair Competition)

63.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-62 of this Complaint as though fully set forth herein.

64.     This is a claim for unfair competition arising under Arizona Rev. Stat. § 44-1522.

65.     Mojo Bowl, by its actions, has intentionally caused a likelihood of confusion among the consumers and the public and has unfairly competed in violation of Ariz. Rev. Stat. § 44-1522.

66.     Mojo Bowl's aforementioned acts constitute unlawful, unfair, or malicious business practices, which have injured and damaged Monster.

67.     Mojo Bowl, by its actions, has damaged Monster in an amount to be determined at trial.

68.     Mojo Bowl, by its actions, has irreparably injured Monster.  Such irreparable injury will continue unless Mojo Bowl is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster

-19-

23331821.1

1    has no adequate remedy at law.

2    **PRAYER FOR RELIEF**

3       WHEREFORE, Monster prays for judgment against Mojo Bowl as follows:

4       A.     That the Court render a final judgment in favor of Monster and against

5    Mojo Bowl on all claims for relief alleged herein;

6       B.     That the Court render a final judgment that Mojo Bowl has violated the

7    provisions of 15 U.S.C. § 1125(a) by willfully infringing Monster's MONSTER

8    Marks and by using a false designation of origin, false description or false

9    representation through the marketing, sale and promotion of Mojo Bowl's beverages

10   under the marks GREEN MONSTER, ORANGE MONSTER and RED MONSTER;

11      C.     That the Court render a final judgment that Mojo Bowl has willfully

12   violated the provisions of 15 U.S.C. § 1114 by infringing Monster's trademark rights

13   in at least the marks that are the subject of U.S. Trademark Registration Nos.

14   3,044,315, 3,044,314, 3,057,061, 4,036,681, 3,134,841, 3,134,842, 4,129,288,

15   4,269,880, 4,376,796, 4,451,535, 4,532,292, 4,716,750, 4,790,629, 4,768,827,

16   4,768,825, 4,634,053, 3,939,395, 4,604,556, 4,865,702, and 4,849,689;

17      D.     That the Court render a final judgment that Mojo Bowl has unfairly

18   competed with Monster in violation of Arizona common law;

19      E.     That the Court render a final judgment that Mojo Bowl has unfairly

20   competed with Monster in violation of Arizona Rev. Stat. § 44-1522;

21      F.     That Mojo Bowl, its agents, servants, employees, attorneys, successors,

22   franchisees, licensees and assigns, and all other persons in active concert or

23   participation with any of them who receive actual notice of the injunction by personal

24   service or otherwise, be forthwith preliminarily and permanently enjoined from:

25         i.      using Monster's MONSTER Marks, in connection with Mojo

26       Bowl's products, using the MONSTER Marks in advertising or promoting

27       Mojo Bowl's products, and/or using confusingly similar variations of the

28                                      -20-

MONSTER Marks in any manner that is likely to create the impression that Mojo Bowl's products originate from Monster, are endorsed by Monster, or are connected in any way with Monster;

ii.      manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products bearing Monster's MONSTER Marks and/or any confusingly similar marks;

iii.     filing any applications for registration of any trademarks confusingly similar to Monster's MONSTER Marks;

iv.     otherwise infringing Monster's MONSTER Marks;

v.      falsely designating the origin of Mojo Bowl's products;

vi.     unfairly competing with Monster in any manner whatsoever; and

vii.    causing a likelihood of confusion or injury to Monster's business reputation;

G.      That Mojo Bowl be directed to file with this Court and serve on Monster within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

H.      That the Court order the Director of the U.S.P.T.O. to refuse registration of Defendant's U.S. Trademark Application Serial Nos. 86/580,252, 86/580,254 and 86/581,008 pursuant to 15 U.S.C. § 1119, or in the alternative, that the Court order Mojo Bowl to abandon its U.S. Trademark Application Serial Nos. 86/580,252, 86/580,254 and 86/581,008;

I.      That Mojo Bowl be required to account to Monster for any and all profits derived by Mojo Bowl and all damages sustained by Monster by virtue of Mojo Bowl's acts complained of herein;

J.      That Mojo Bowl be ordered to pay over to Monster all damages which

-21-

1   Monster has sustained as a consequence of the acts complained of herein, subject to

2   proof at trial, together with prejudgment and post-judgment interest;

3       K.      That this case be deemed exceptional and the amount of the damages be

4   trebled and that the amount of profits be increased by as many times as the Court

5   deems appropriate, pursuant to 15 U.S.C. § 1117;

6       L.      That Monster be awarded exemplary damages from Mojo Bowl;

7       M.      That Mojo Bowl's actions be deemed willful;

8       N.      That an award of reasonable costs, expenses, and attorneys' fees be

9   awarded to Monster pursuant to at least 15 U.S.C. § 1117;

10      O.      That Mojo Bowl be required to deliver and destroy all devices, literature,

11  advertising, goods and other materials bearing the Infringing Marks pursuant to 15

12  U.S.C. § 1118;

13      P.      That Monster be awarded restitution and disgorgement; and

14      Q.      That Monster be awarded such other and further relief as this Court may

15  deem just.

16                          SNELL & WILMER LLP

17

Dated: January 15, 2016        By:  s/Jacob C. Jones
18                                  David E. Rogers
19                                  David G. Barker
                                    Jacob C. Jones
20                                  One Arizona Center
                                    400 E. Van Buren, Suite 1900
21                                  Phoenix, Arizona  85004-2202

22                                  Attorneys for Plaintiff,
23                                  MONSTER ENERGY COMPANY

24  Of Counsel:

25  Lynda Zadra-Symes
    lynda.zadra-symes@knobbe.com
26  Matthew S. Bellinger
    matt.bellinger@knobbe.com
27  KNOBBE, MARTENS, OLSON & BEAR, LLP

28                          -22-

2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

23331821.1

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Monster hereby demands a trial by jury on all issues so triable.

Dated:  January 15, 2016          By:  s/Jacob C. Jones
                                       Jacob C. Jones


                                       Attorney for Plaintiff,
                                       MONSTER ENERGY COMPANY

-24-

23331821.1